**Ex parte Walter BELL, Jr., Applicant.**

**No. AP–75038.**

Court of Criminal Appeals of Texas.

Nov. 10, 2004.

Rehearing Denied Jan. 12, 2005.

William Christian, Austin, for Appellant.

Rodney Conerly, Assistant District Attorney, Beaumont, Matthew Paul, State's Attorney, Austin, for State.

## *OPINION*

PER CURIAM.

In his subsequent application for a writ of habeas corpus, applicant claimed that he is mentally retarded. We determined that applicant had met the requirements of Code of Criminal Procedure Article 11.071, § 5, and we remanded to the trial court for findings of fact and conclusions of law. The trial court held an evidentiary hearing and found that applicant is mentally retarded. The record supports the trial court's findings. *Ex parte Briseno*, 135 S.W.3d 1 (Tex.Crim.App.2004). Accordingly, we grant relief. We reform applicant's sentence to life imprisonment in the Texas Department of Criminal Justice Correctional Institutions Division.

KELLER, P.J., delivered a concurring and dissenting opinion, joined by MEYERS, KEASLER, and HERVEY, JJ.

KELLER, P.J., concurring and dissenting in which MEYERS, KEASLER, and HERVEY, JJ., joined.

*Amicus curiae* suggests that a permanent stay of execution—not reformation to a life sentence—is the appropriate remedy for a mentally retarded death-sentenced defendant. It is pointed out that a permanent stay would deny such an inmate the chance of parole, as well as allow authorities to keep him on death row. The preclusion from execution mandated by *At-kins v. Virginia*[1] does not, it is argued, negate the fact that a jury has found applicant to be a future danger to society. The nature of the relief that this Court decides to grant to such inmates will have a bearing on the safety of general-population inmates, prison staff and, if parole is granted, the public. Reformation of applicant's sentence to life in this case renders him immediately eligible for parole.[2] This is not what the jury had in mind for applicant or, apparently, what the Legislature had in mind for men like applicant. *Atkins* forces us to intrude upon the will of the people of Texas, as expressed by our Legislature, and upon the will of the jury.[3] If there is an option that more closely adheres to those intentions, we should at least consider it.

I am uncertain about the merits of the *amicus* position, but I believe we ought to address it. I would order briefing and argument on the issue of what is the appropriate relief to be granted under *Atkins*.

I agree that applicant may not be executed, and I concur in the Court's opinion to that extent. But before deciding whether to reform applicant's sentence to life, I would first give full consideration to the alternative remedy suggested by *amicus curiae*. To the Court's decision to reform applicant's sentence to life imprisonment without such a full consideration, I respectfully dissent.

1. 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002).

2. He was originally convicted in 1975 for a capital murder committed in 1974. *See* TEX. CODE CRIM. PROC., Art. 42.12 § 15(a)(1967)(life sentenced prisoner eligible for parole after twenty years).

3. But see H.B. 236, 77th Leg., R.S. (2001). In the 2001 legislative session, a bill was passed that prohibited execution of the mentally retarded. It was vetoed by the Governor and no such legislation has been enacted in the succeeding sessions.